**To:**

International Cases Section
of the Criminal Law Division
of the US Justice Department

**On:**

request on providing assistance in criminal case № 24-66, initiated on the fact of fraudulent taking possession of another person's property of exceptionally great value by the collaborates of the Personnel Agency "Jefferson & MCKenzie " Ltd. (Kyiv).

In accordance with the Agreement between the US and Ukraine on mutual assistance in criminal cases (signed in Kyiv on July 22, 1998) Ukraine requests the competent US bodies on providing assistance.

The Main Investigation Department of the Ministry of Internal Affairs of Ukraine is examining activities of the collaborators of the Personnel Agency "Jefferson & McKenzie" Ltd., which are suspected in fraudulent taking possession of Ukrainian citizens' financial means of exceptionally great value.

**The investigator needs the following information:**

The corresponding documentation of the American Corporation.
The investigator needs to organize the interrogation of the American Corporation's collaborators and of the two citizens, who live in the USA now.

Taking into consideration the fact, that the preliminary investigation of this case is to be finished in four months, the Ukrainian investigative body asks to provide urgent assistance in execution of this request.
The Ukrainian investigation body of Ukraine also asks the corresponding US bodies to keep confidentiality of this request in the framework of the US legislation, while the disclosure of the data of this request can cause the demolition of the documents, which are necessary for investigation of the committed offences.
In its turn, the Ukrainian investigation body assures the competent US bodies, that the data and information, which would be received during fulfillment of this request, will be used only for the purpose of investigation of this case, as well as during the trial.

**The performed investigation determined the following:**

On April 10, 2001 the Pechersk Regional State Administration of the city of Kyiv registered Personnel Agency "Jefferson & McKenzie" Ltd. The mentioned Agency was allowed to carry out the intermediary activities on job placement of the Ukrainian citizens abroad, according to the corresponding license of the Ministry of Labor and Social Policy of Ukraine (series AA No 097787 of July 18, 2001).
Unidentified by the investigation persons, being aware of the situation in the labor market of Ukraine and about the desire of great number of the Ukrainian citizens to have legal job placement abroad, decided to use such circumstances for their own mercenary purposes.
On June 12, 2002 and January 10, 2002, with the criminal intent and wish to legalize their activities, unidentified by the investigation persons on behalf of the Personnel Agency "Jefferson & McKenzie" Ltd. allegedly concluded the contracts with the American company "Jefferson & McKenzie Personnel Agency Corporation" on behalf of its director Joseph Armand Diasso, due to which they took obligations to inform the citizens of Ukraine about the opportunities of legal job

placement on the US territory, to provide to the clients the copies of all the documents, which prove the legality of their stay and work abroad etc.

After that, the unidentified by the investigation persons together with the collaborators of Personnel Agency "Jefferson & MCKenzie" Ltd. with the purpose of illegal seizure of money means from the citizens, published in the mass media of different Ukrainian regions obviously false information (announcements), that the aforementioned Company was one of the official offices of the international system of agencies "Jefferson & McKenzie", which was accredited in the Consular Department of the Ukrainian Embassy in the USA, and was engaged in legal job placement of Ukrainian citizens in the United States of America.

In these announcements the unidentified by the investigation persons noted, that their company organized the invitation of the employers in the USA for the Ukrainian citizens to work there, provided the visa support, official registration of documents for visa obtaining and legal stay of the Ukrainian citizens in USA. It also provided the medical insurance in the sume of 100 000 US $, high salary, meals and accommodation, which was not true in reality.

**Also, mass media published the interview, which was allegedly given by Mr. Joseph McGregory, the Director on business development in European countries of the "Jefferson & McKenzie Personnel Agency Corp.", who allegedly visited Ukrainian office of "Jefferson & McKenzie" in the city of Kyiv. In this interview it was stated that American citizens fruitfully cooperated with their Ukrainian colleagues in the sphere of job placement of the Ukrainian citizens in the USA (Xerox copy of the newspaper article with the McGregory's photo is enclosed).**

After the acquaintance with the published announcements, the Ukrainian citizens (clients) addressed to Personnel Agency "Jefferson & McKenzie" Ltd. in the city of Kyiv, where the collaborators of this Agency concluded the agreements (contracts) with them about the intermediate services on job placement in the USA.

**By concluding the contracts, with the purpose to take advantage of the clients' trust and to defraud them, the collaborators of the Company demonstrated to them the following documents: copies of contracts, concluded with the American company "Jefferson and McKenzie Personnel Agency Corp.", copies of Powers of Attorney, which were issued by the Company to private employers, who allegedly were obliged to provide the citizens with assistance in obtaining visas in the US Embassy in Ukraine, business license, issued by the Division of Revenue, State of Delaware, USA.**

According to the conditions of the contract, the Company obliged to direct the Ukrainian citizens to the USA naming to them the definite employer, place of concluding of the corresponding contract about job placement, and also to provide the clients with the appropriate and correct filling of the necessary for job placement documents.

But, the collaborators of the Personnel Agency "Jefferson and McKenzie" Ltd. on behalf of the private employers concluded the contracts with their clients, according to which they allegedly obliged to provide them with services on registration of the documents for obtaining of the working visas in the Consular Department of the US Embassy in Ukraine. The collaborators of the "Jefferson and McKenzie Personnel Agency" Ltd. received 450 US $ from each client for providing them with the above mentioned services.

In fact, the collaborators of the Agency broke the contract relations with their clients, defrauded them on the ground of the registration of working visas, by the way of proposing to them to indicate in the American visa forms false information, that they were allegedly going to arrive to the USA not to work, but as tourists or (guests) visitors. The citizens, being defrauded by the collaborators of the Agency, indicated the above-mentioned information in American visa forms.

Besides, the collaborators of the Agency provided their clients with incorrectly registered or false invitations, allegedly from the citizens of the USA, and they, in their turn, supplemented them to the filled forms, which they applied to the US Embassy in Ukraine with the purpose to obtain the tourist visa.

**The following persons provided the invitations to the officials of the Company:**

**Oleksandr Volfovich Kovalenko, permanent address:** ▮▮▮▮▮▮▮▮▮▮▮▮.
▮▮▮▮▮▮▮▮▮▮▮▮ (e-mail: ▮▮▮▮▮▮▮▮▮▮▮;
**Alex Ivanenko, permanent address: USA,** ▮▮▮▮▮▮▮▮ **Street**
▮▮▮▮▮▮▮

As a result, after providing of such documents with the unreliable information to Embassy, and after conversation there, the clients were refused to receive visas.

Thus, receiving the money from the clients, the collaborators of the company knew that the latter would not receive any visas.

So, the collaborators of Personnel Agency "Jefferson & MCKenzie" Ltd., by fraud and breach of confidence, took possession of clients' financial means of great value, thus committed fraud.

Altogether, in the years of 2001-1003 they posessed the property of more than **3 000 citizens in the sum of more than 1.4 million US $.**

### Article 190. Fraud (The Criminal Code of Ukraine)

1. *Taking possession or obtaining of property or the right to property by a person, to whom it does not belong (fraud) is punishable with a fine in the amount to fifty tax-free minimums if citizens' income; or with correctional labor for a term not exceeding three years.*
2. *The crime of fraud, committed as repeat offence, or by the group of people, who have conspired for these purpose, or which caused serious harm to another person,-is punishable with the fine in the amount of fifty to one hundred of tax-free minimums of citizens income or with correctional labor for a term of one to two years, or with restraint of liberty for a term not exceeding five years; or with deprivation of liberty for the term not exceeding three years.*
3. *The crime of fraud, committed in respect of property of great value or by the way of criminal operations with the use of electronic computer equipment, - is punishable with deprivation of liberty for the term of three to eight years.*
4. **The crime of fraud, committed in respect of property of exceptionally great value or by the organized group is punishable by the deprivation of liberty for the term of five to twelve years with the forfeiture of property.**

V. A. Limarenko and other officials of the "Jefferson & MCKenzie Personnel Agency" violated this law.

#### Involved physical persons:

1. Mr. Joseph Armand Diasso, the Director of the American firm "Jefferson & MCKenzie Personnel Agency Corp." (the investigation does not have any other information concerning him).
2. Mr. Joseph McGregory, the Director on business development in European countries of the "Jefferson & McKenzie Personnel Agency Corp." (the investigation does not have any other information concerning him).
3. Mr. Oleksandr Volfovich Kovalenko, permanent address: ▮▮▮▮▮▮▮▮▮▮▮
(e-mail: ▮▮▮▮▮▮▮▮▮:
4. Mr. Alex Ivanenko, permanent address: ▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮



**Involved companies:**

1.  "Jefferson & McKenzie  Personnel Agency" Ltd.
Place of establishment:
The city of Kyiv, Ukraine.
Legal and business address:
63 Volodymyrska St., city of Kyiv
Type of property:
Collective (joint ownership)
Identification code: ▮▮▮▮▮▮▮

2.  "Jefferson and McKenzie Personal Agency Corp.", with its office in USA: 580 Peoples Plaza #203, Newark De 19702-4798 (according to business license, Xerox copy of which is enclosed);
3.  Burlington House 40, Burlington Rise, East Barnet, Herts, EN4 8NN (according to the Contract about cooperation from 10.02.2002  Xerox copy of which is enclosed);
4.  113 Barksdale Professional Center, Newark, New Castle, Delaware (according to Powers of Attorney, Xerox copies of which are enclosed).

The investigation does not have any other information concerning this firm.

**The necessary assistance:**

1.  To determine the real location of the "Jefferson & McKenzie" Personnel Agency Corp., and the residence of the Mr. Joseph Armand Diasso, Director, President, founders and other collaborators of the mentioned firm.
2.  To identify the collaborators of the "Jefferson & McKenzie Personnel Agency Corp.", who prepared on behalf of US citizens invitations for guest visit of the Ukrainian and legalized them by the notary. To establish, where and how the payment for the guests' invitations was done; if these financial operations registered in bookkeeper's records of the "Jefferson & McKenzie" Personnel Agency Corp.", if so, confirm it by the corresponding copies of documents.
3.  To identify and interrogate **Mr. Joseph McGregory**, the Director on business development in European countries of the "Jefferson & McKenzie Personnel Agency Corp." who allegedly visited Ukrainian office  of "Jefferson & McKenzie" in the city of Kyiv concerning the time and place of his allegedly given to mass media interview about fruitful  cooperation of American Company with the Ukrainian office  in the sphere of legal Job placement of the Ukrainian citizens in the USA, according to the concluded contracts (Xerox copy of the newspaper article with the McGregory's photo is enclosed).
4.  To determine and interrogate the following persons:

- Oleksandr Volfovich Kovalenko, permanent address: ▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮  (e-mail: ▮▮▮▮▮▮▮▮

- Alex Ivanenko, permanent address: USA, ▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮

5.  To determine in the correspondent Departments of the state of Delaware, the USA, if "Jefferson & Mc.Kenzie Personnel Agency Corp" was really registered and if the business licences (Xerox copies is supplemented to the request) were really issued. If so, than could it deal with the job placement of foreign citizens

6. To check in the appropriate US State Departments and organizations, if the documents, which legalize the following papers were really issued: contract of January 10, 2002, concluded by "Jefferson & McKenzie Personal Agency Corp." and Personnel Agency "Jefferson & McKenzie"Ltd.; contract of June 12, 2001, concluded by "Jefferson & McKenzie Personal Agency Corp." and Personnel Agency "Jefferson & McKenzie" Ltd., Power of Attorney, issued by "Jefferson & McKenzie Personal Agency Corp."on June 11, 2001 to Mr. Lubats'kyi Serhiy; Power of Attorney, issued by "Jefferson & McKenzie Personal Agency Corp." on June 18, 2001 to Mr. Lubats'kyi Serhiy; Power of Attorney, issued by "Jefferson & McKenzie Personal Agency Corp." on February 20, 2002 to Mr Dikarev Sergey and (or) Ms. Lunko Alena; Power of Attorney, issued by "Jefferson & McKenzie Personal Agency Corp." on April 16, 2002 to Mrs. Lyubats'ka Natalia and (or) Ivanov Yeugen; Power of Attorney, issued by "Jefferson & McKenzie Personal Agency Corp." on July 16, 2002 to Mr. Lubats'kyi Serhiy; Power of Attorney, issued by "Jefferson & McKenzie Personal Agency Corp." on July 16, 2002 to Mrs. Lobach Natallya and (or) Mr. Lubats'kyi Vladislav; Power of Attorney, issued by "Jefferson & McKenzie Personal Agency Corp." on January 2, 2003 to Mr. Lubats'kyi Serhiy; business license № 50199, issued on January 4, 2002 by the Division of Revenue of the State of Delaware, the USA to "Jefferson & McKenzie Personal Agency Corp.", business license № 58352, issued on January 8, 2003 by the Division of Revenue of the State of Delaware, the USA to "Jefferson & McKenzie Personal Agency Corp." (Xerox copies of these documents are enclosed).

7. To receive in the appropriate US State Departments answers for the following questions:

- What is the procedure of obtaining by the Ukrainian citizens of the visitor's, tourist's or business US visa (what documents should be provided to the Consular Department of the USA Embassy in Ukraine, in accordance with which paragraph and reference point of the USA Law "About naturalization and citizenship" their redraft and prolongation is done on the territory of the USA?

- Can the Ukrainian citizen, who obtained the visitor's USA visa, redraft it into business visa in the USA? If so, by which normative documents of the USA it is regulated, and what is the procedure of the redrafting?

- Can Ukrainian citizen, who has tourist's or visitor's visa be legally placed in a job on the territory of the USA?
- What does the "affidavich of support" and letter of commitment mean and are they necessary for obtaining of the visa?
- Why do Ukrainian citizens, who wish to obtain the USA visa, have to provide the copies of documents of the inviting party (copy of the American passport, certificate of naturalization from INS, the card of the permanent US citizen or other immigration document), and is it necessary to provide these documents for obtaining of the US visa?

8. To receive in the appropriate State departments of the USA answers for the following questions:

- What was the minimum salary in the USA during the years of 2001-2003?
- Could unqualified workers, without knowledge of English language, who worked on sorting of the recycled products, get the salary in the size from 1600 to 2000 US $ a month, daily allowance in the size of 22 US $, have accommodation and meals at the employer's expense.

9. To obtain the experimental and free samples of the signatures by Joseph Armand Diasso, Director of the American Firm "Jefferson & McKenzie Agency Corp." and samples of the stamp of the seal of the "Jefferson & McKenzie Corp.", which was used during the years of 2001-2003 by concluding contracts and issuing of the Powers of Attorney.

## THE NECESSARY DOCUMENTS

1. We kindly ask You to carry out the seizure in the premises of the firm "Jefferson & McKenzie Personnel Agency Corp." Of the following documents:

- originals of the contracts, business licenses, statute documentation, Powers of Attorney (indicated in the supplement below) and all other documents, concerning financial and economical relations with the Personnel Agency "Jefferson & McKenzie" Ltd. in the city of Kyiv in the framework of the mentioned contracts.
- Originals of other documents with the signatures of Mr. Joseph Armand Diasso.

**THE NECESSARY EVIDENCE:**

1. After fulfillment of the seizure in the firm "Jefferson & McKenzie Personnel Agency Corp." of the appropriate documents (in the case of their absence, without them) to interrogate as a witness its Director Mr. Joseph Armand Diasso, President, founder, and other collaborators of this Company.

**To interrogate Mr. Joseph Armand Diasso concerning the following:**

To show to him for familiarity Contracts on June 12, 2001 and January 10, 2002 about cooperation with the purpose to organize the temporary job placement of Ukrainian citizens in the city of Kyiv in the framework of the mentioned contracts.

- If he, on behalf of the firm "Jefferson & McKenzie Personnel Agency Corp." concluded the contracts of June 12, 2001 and January 10, 2002 on cooperation with the aim of organization of the temporary legal job placement for the Ukrainian citizens in the USA.
- Where and by what circumstances were these contracts concluded? Who was present by the conclusion of these contracts from the party of the Kyiv Company?
- Who was the initiator of the concluding of these contracts?
- If he personally or the other person signed the contract on behalf of the Director of "Jeffferson and McKenzie Personnel Agency Corp."? If it was not Mr. Joseph Armand Diasso, than, who put the signed under the contracts on behalf of the Director?
- What is the exact place of signing of these contracts by the representatives of Ukrainian Party?
- Were these contracts legalized in the Ukrainian Embassy in the USA or in the Ukrainian Embassy in Great Britain?
- Were the collaborators of the firm ""Jefferson and McKenzie Personnel Agency Corp." engaged in this legalization? If not, who exactly dealt with the legalization?
- Were the mentioned contracts realized? Exactly, if the envisaged by these contracts obligations of the parties were carried out? If so, in what way were they carried out? If not, then who did not carry the obligations, and why?
- What were the exact obligations of the parties? In what way were they to be carried out and who was the performer?
- If the collaborators of the Personnel Agency "Jefferson & McKenzie" Ltd. provided the information about real employers in the USA with the purpose of job placement of the Ukrainian citizens by them? If so, in what way?
- Did the Personnel Agency "Jefferson and McKenzie" Ltd. oblige to provide to "Jefferson and McKenzie Personnel Agency Corp." information concerning the persons, who wished to have job placement abroad? If so, what was the purpose of it? Did the Ukrainian party provide such information, and in what way was it done?
- What kind of visas should Ukrainian citizens, who wished to get job placement in the USA, register, and where could they do it?
- If they were the business visas, then did "Jefferson and McKenzie Personnel Agency Corp." issue any documents for registration of such visas? If so, which documents were registered and to whom were they granted?
- If the collaborators of the firm "Jefferson and McKenzie Personnel Agency Corp." and the collaborators of the Personnel Agency "Jefferson & McKenzie" Ltd. consider that Ukrainian

citizens, who planned to get employment in the USA, were to obtain visitors' visas first and then arrive to the USA, using these visas? If so, then, who and with whom conspired with this purpose?

- Were the collaborators of the firm "Jefferson and McKenzie Personnel Agency Corp." engaged in the preparation of the visitors' invitations on behalf of the American citizens for the name of Ukrainian citizens, who wished to get placement in the USA?
- If so, than in what way was it done? Was the invitation really certified by the notary? With what purpose were these invitations composed? In what way and to what persons were they sent?      Were they sent to the collaborators of the Personnel Agency "Jefferson and McKenzie" Ltd.?
- Would the Ukrainian citizens really be accommodated live by the indicated in mentioned invitations US citizens?

Were these invitations composed only for the reason that the Ukrainian citizens could obtain visitors' visas and arrive to the USA.

- Could the collaborators of the firm "Jefferson and McKenzie Personnel Agency Corp." place the Ukrainian citizens, who arrived to the USA using visitors' visas, in a job in the USA? If so, then in what way did they do it?
- Did the officials of the firm "Jefferson and McKenzie Personnel Agency Corp." have opportunity to redraft the visitors' visas into business visas? If so, in what way could they do it and what did they need for this?
- What was the way to forward the invitations to Ukraine and to what address were they forwarded?
- Was the information about real employers in the USA provided by the collaborators of the firm "Jefferson and McKenzie Personnel Agency Corp." to Personnel Agency "Jefferson and McKenzie" Ltd. If so, than in what way was it done?
- Were the samples of contracts between employers and the Ukrainian citizens forwarded to the Personnel Agency "Jefferson and McKenzie" Ltd. If so, than in what way was it done?
- If he personally or the other person signed the Powers of Attorney, which were allegedly issued by the firm "Jefferson and McKenzie Personnel Agency Corp." to the private businessmen Mr. Lubats'kyi Serhiy, Ms. Lunko Alena, Ivanov Yeugen, Lyubats'ka Natalia, Mr. Lubats'kyi Vladislav, Mr Dikarev Sergey?
- If these Powers of Attorney were given to the following persons? With what purpose were they issued?
- If these Powers of attorney were legalized in the Ukrainian Embassy in the USA?
- In what way and to what address were they directed to private businessmen?
- Who was the initiator of the composing of these Powers of Attorney?
- What exactly were the private businessmen entrusted to do?
- If the private businessmen were entrusted to provide to the Ukrainian citizens, who wish to get placement in the USA, services on registration of documents and obtaining of the visitors' visas? If so, with what purpose was it done? (the Powers of Attorney are supplemented to the assignment).
- To show for familiarizing letters, written on behalf of Mr. Joseph Armand Diasso, the Director of the firm "Jeffferson and McKenzie Personnel Agency Corp." to Mr. Vasiliogolov V.B., Mr. Limarenko V.A., the Directors of the Personnel Agency "Jeffferson and McKenzie" Ltd., and to Mr.Tsaregorodtsev D.N. the Director of the all Ukrainian Public Organisation of Disabled People "Vzajemodopomoha". Were they signed by him personally or by the other person? What was the cause of writing these letters?
- Did he personally know Mr. Joseph McGregory, the Director of "Jefferson & McKenzie Personnel Agency Corp." on business development in European countries?

7

- If he directed someone to the city of Kyiv to Personnel Agency "Jefferson and McKenzie" Ltd., if so, what was the purpose of this visit?
- Was there even one Ukrainian citizen, of those, whom the Personnel Agency "Jefferson and McKenzie" Ltd. directed to the USA, placed in a job in this country?
- Was the firm "Jefferson and McKenzie Personnel Agency Corp." accredited in the Ukrainian Embassy in the USA?

### To interrogate Mr. Joseph McGregory on the following questions:

- What was he and where did he work during the years of 2001-2002?
- Did he work in the firm "Jefferson and McKenzie Personnel Agency Corp."? If so, what were his functions?
- Did he give any interview to the mass media? If so, what was the ground of it?
- Did he give any interview concerning legal job placement of the Ukrainian citizens in the USA?
- Who exactly organized this interview?
- Did he mention, that the firm "Jefferson and McKenzie Personnel Agency Corp." was accredited in the Ukrainian Embassy in the USA?
- And was the firm "Jefferson and McKenzie Personnel Agency Corp." really accredited in the Ukrainian Embassy in the USA?
- If it was not, than why did he state this in his interview? Who asked him about it?
- Was the Personnel Agency "Jefferson and McKenzie" Ltd. a department of the firm "Jefferson and McKenzie Personnel Agency Corp."?
- If it was not, than why did he state it in his interview? Who asked him about it?
- If the Personnel Agency "Jefferson and McKenzie" Ltd. was a department of the firm "Jefferson and McKenzie Personnel Agency Corp.", than why the founders of this Ltd. appointed people to the management posts of this firm, but not the directors of the firm "Jefferson and McKenzie Personnel Agency Corp.", providing that the Ltd. was it's department? And why the Personnel Agency "Jefferson & McKenzie" Ltd. was founded by Ukrainian citizens and not by "Jefferson and McKenzie Personnel Agency Corp.", if the Ltd. was its department?
- Was there even one Ukrainian citizen of those, whom the "Jeffferson and McKenzie Personnel Agency Corp." directed to the USA, placed in a job in this country?

To investigate during the interrogation of Mr. Oleksandr Kovalenko the following:

- When, by what circumstances and with whom of the collaborators of the Personnel Agency "Jefferson and McKenzie" Ltd. did he get acquainted?
- Whom exactly from the Personnel Agency "Jefferson and McKenzie" Ltd. did he cooperate with? What were the points of cooperation? What communication means did they use?
- What kind of the agreement did they conclude?
- What kind of documents did they prepare for further transmitting to the collaborators of Personnel Agency "Jefferson and McKenzie" Ltd.?
- In what way, by whose instruction and for what sum of payment did he find the US citizens, who gave the guest invitations to the Ukrainian citizens?
- By what notaries did he sign guests' invitations? Were the inviting persons present by it and did they sign these invitations?
- What is the state of this payment now?
- What was the method of delivering of these guests' invitations to the city of Kyiv?
- How many invitations did they send to the city of Kyiv?

- Did they provide any information about those USA citizens, who signed the guests invitations?
- If they did so, then what kind of information was it and what was the way to transmit this information to the collaborators of the Personnel Agency " Jefferson and McKenzie" Ltd.
- How did the Personnel Agency "Jefferson and McKenzie" Ltd. make the payments for prepared and directed to Ukraine guests' invitations?
- From what Ukrainian banks were the money for the guests' invitations received?
- Would the Ukrainian citizens really accomodate by the inviting party?
- What was the cause of composing of these invitations? Who was the initiator of composing of these invitations?
- Were these invitations false?

## THE PROCEDURE OF THE PERFORMING OF THE REQUEST

**We kindly ask You to perform the following actions concerning the seizure of the documents:**

1. Before the seizure to show the Statement on performing the seizure to the representative of the firm, where seizure is performed and to propose to him to give out the mentioned in the Statement documents.
2. To perform the seizure in the presence of the two witnesses – the persons, who are not interested in the results of the investigation of the case, and also in the presence of the representatives of the firm or of the bank.
3. To explain to them their right to be present by all actions of the person, who performs the seizure and their right to make statements concerning these actions.
4. To register the seizure by protocol in two copies. The Protocol must contain the following information:
   1) The grounds for performing of the seizure;
   2) Indication of the premises or other place, where the seizure was performed.
   3) The data concerning the representative of the firm (bank), by whom the seizure was performed;
   4) The actions of the person, who performs the seizure and the results of the seizure;
   5) The detailed requisites of the seizured documents (names, date of composition, number of pages, other important indications). Also, it must be stated concerning every document, which is to be seizured, the exact place where it was found and the corresponding circumstances.
   6) Th both copies of the Protocol should be signed by the person, who performs the seizure, by the representative of the firm (bank), where the seizure is conducted, by the witnesses and by the other persons, who were present by seizure.
   7) The second copy of the Protocol is handled to the representative of the firm.

**We kindly ask You to perform the following actions concerning the interrogation of the witnesses:**

1. To begin the interrogation from the determining of his full name, residence address, place and date of birth/
2. To inform the witness, that he does not have to answer for the questions concerning him personally, the members of his family and his close relatives. It is also necessary to inform the witness that he can be brought to a criminal responsibility for untruthful answers for all the questions.
3. To put only those questions, the answers for which are necessary th receiv

4. To register all the above-mentioned information in the form of Protocol of interrogation. The Protocol must contain the following information:
a) the personal data, provided by the witness;
b) the notification, that the competent body of the USA informed the witness, that he does not have to answer for the questions concerning him personally, the members of his family and his close relatives, that the answers for all the other questions should be truthful, otherwise, he can be brought to a criminal responsibility.
c) The questions, which were put to the witness and his answers for them.

5. Then: 1) to read to the witness questions and answers, which were written; or 2) to ask the witness to read all the questions and answers, which were written in Protocol himself.
6. To indicate in the Protocol of the Interrogation if the representative of the competent body of the USA read the questions and the answers to him or he read them personally.
7. Every sheet of the Protocol of the Interrogation of the Witness must be signed by the person, who gave witnesses. After that, the Protocol is signed by the representative of the competent US authority, who performed the interrogation.

**We kindly ask You to perform the following actions concerning the seizure of the samples of the signature and of the stamps of the seal:**

1. Before the performing of seizure of the samples of the signature and of the samples of stamps of the seal to show the Statement on Performing the Seizure to the person, by which they will be seizured.
2. To register the seizure of samples by Protocol. The Protocol must contain the following information:
   a) the grounds for performing of the seizure;
   b) indication of the premises or other place, where the seizure was performed.
   c) data concerning the person, by whom the seizure was performed;
   d) the actions of the person, who performs the seizure;
3. All statements and remarks of the present by the seizure of the samples persons, which are made concerning the actions of the person, who performs the seizure must be indicated in the Protocol.
4. The Protocol should be signed by the person, who performs the seizure of the samples, by the person by which the samples were seizured and by the other persons, who were present by seizure.

**THE CONTACT PERSON:**

- With Your questions concerning this Request or its fulfillment, please, refer to the Senior special investigator of the Main Investigation Department of the Ministry of Internal Affairs of Ukraine **R. B. Dzemidovich,** ▓▓▓▓▓▓▓▓▓▓▓ **the city of Kyiv - 044.**

The documents, which will be received in the process of fulfillment of the request should be sent to the following address: 010224, Ukraine, 10, Bogomoltsa str., The Main Investigation Department of the MIA of Ukraine, indicating in the covering sheet the number of criminal case – N 24-66.

- If there is no possibility to fulfill request, we ask You to inform us about the circumstances, which make the fulfillment impossible.

_(o)_

**Supplement:**

- Two Statements on performing of seizure;
- Statement on seizure of experimental samples of the signatures for expert examination;
- Statement on obtaining of experimental samples of the stamps of the seal for expert examination;
- documents concerning the economical relations between the firm "Jeffferson and McKenzie Personnel Agency Corp." and Personnel Agency "Jefferson and McKenzie" Ltd..
- Xerox copy of the contract of January 10, 2002 on three pages and three more documents of the State authorities of the USA on three pages, which legalize the contract. The mentioned documents are done in English language, 6 pages in all;
- Xerox copy of the contract of June 12, 2001 on three pages and three more documents of the State authorities of the USA on three pages, which legalize the contract. The mentioned documents are done in English language, 6 pages in all;
- Xerox copy of the Power of Attorney, issued by the firm "Jefferson & McKenzie Personal Agency Corp."on June 11, 2001 to Mr. Lubats'kyi Serhiy, on one page, and three more documents of the State authorities of the USA on three pages, which legalize this Power of Attorney. The mentioned documents are done in English language.
- Xerox copy of the Power of Attorney, issued by the firm "Jefferson & McKenzie Personal Agency Corp."on June 18, 2001 to Mr. Lubats'kyi Serhiy, on one page, and two more documents of the State authorities of the USA on two pages, which legalize this Power of Attorney. The mentioned documents are done in English language.
- Xerox copy of the Power of Attorney, issued by the firm "Jefferson & McKenzie Personal Agency Corp." on February 20, 2002 to Mr Dikarev Sergey and (or) Ms. Lunko Alena, on one page, and three more documents of the State authorities of the USA on three pages, which legalize this Power of Attorney. The mentioned documents are done in English language.
- Xerox copy of the Power of Attorney, issued by the firm "Jefferson & McKenzie Personal Agency Corp." "on April 16, 2002 to Mrs. Lyubats'ka Natalia and (or) Ivanov Yeugena, on one page, and three more documents of the State authorities of the USA on three pages, which legalize this Power of Attorney. The mentioned documents are done in English language.
- Xerox copy of the Power of Attorney, issued by the firm "Jefferson & McKenzie Personal Agency Corp."on July 16, 2002 to Mr. Lubats'kyi Serhiy, on one page, and three more documents of the State authorities of the USA on three pages, which legalize this Power of Attorney. The mentioned documents are done in English language.
- Xerox copy of the Power of Attorney, issued by the firm "Jefferson & McKenzie Personal Agency Corp." on July 16, 2002 to Mrs. Lobach Natallya and (or) Mr. Lubats'kyi Vladislav, on one page, and three more documents of the State authorities of the USA on three pages, which legalize this Power of Attorney. The mentioned documents are done in English language.
- Xerox copy of the Power of Attorney, issued by the firm "Jefferson & McKenzie Personal Agency Corp." on January 2, 2003 to Mr. Lubats'kyi Serhiyon, on one page, and three more documents of the State authorities of the USA on three pages, which legalize this Power of Attorney. The mentioned documents are done in English language.
  Xerox copy of the Power of Attorney, issued by the Jefferson and McKenzie Personnel Agency Corp." on January 2, 2003 to Mr. Lubats'kyi Serhiy, on one page. The mentioned document is done in English language.
- Xerox copy of the business license № 82234 on one page, issued on January 4, 2002, by the Division of Revenue of the State of Delaware, the USA to the firm "Jefferson &

- McKenzie Personal Agency Corp.".  The mentioned document is done in English language.
- Xerox copy of the business license № 50199, issued on January 4, 2002, by the Division of Revenue of the State of Delaware, the USA to "Jefferson & McKenzie Personal Agency Corp." and three more documents of the State authorities of the USA on three pages, which legalize this business license. The mentioned documents are done in English language.
- Xerox copy of the business license business license № 58352, issued on January 8, 2003, by the Division of Revenue of the State of Delaware, the USA to "Jefferson & McKenzie Personal Agency Corp." on one page and three more documents of the State authorities of the USA on three pages, which legalize this business license. The mentioned documents are done in English language.
- Xerox copies of three letters of J.A. Diasso, the Director of the firm "Jefferson & McKenzie Personal Agency Corp." to Vasiliogolov V.B., Limarenko V.A, the Directors of Personnel Agency "Jefferson & McKenzie" and to Vasiliogolov V.B., Limarenko V.A, the Director of the Public Organization "Vzajemodopomoha" on one page each, three pages in all.
- Xerox copy of the newspaper article with the photo of McGregory.

Thanks in advance for consciously performed request.

Senior Special Investigator
of the Main Investigation Department
of the MIA of Ukraine
lieutenant-colonel of militia                           **R. B. Dzemidovich**

*19*